**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| XAVIER PITTS, #11008852, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 3:11-CV-0190-B (BK) |
| | § | |
| UNIDENTIFIED OFFICER/INDIVIDUAL | § | |
| AT COLLIN COUNTY DETENTION | § | |
| CENTER, | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. It is recommended that the case be dismissed without prejudice for want of prosecution.

## I. BACKGROUND

Plaintiff, a pre-trial detainee, filed a *pro se* complaint against an unidentified officer/individual at the Collin County Detention Center, where he was confined at the time of filing the complaint. After his transfer to the Dallas County Jail, the Court re-issued a notice of deficiency and order requiring Plaintiff to submit a civil rights complaint and a motion to proceed *in forma pauperis* no later than April 6, 2011. (Doc. 5.) As of the date of this recommendation, Plaintiff has failed to respond to the deficiency order or seek an extension of time to do so.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)]

flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this case without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED April 22, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Since Plaintiff's claims stem from his 2010 arrest and detention, the two-year statute of limitations is not implicated at this time, and the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE